IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL ZIGLER,)
    Petitioner,)    Civil Action No. 2:15-cv-1609
)
v.)
)    Magistrate Judge Susan Paradise Baxter
PENNSYLVANIA BOARD OF)
PROBATION AND PAROLE, et al.,)
    Respondents.)

# **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Michael Zigler pursuant to 28 U.S.C. § 2254. [ECF No. 1]. In the petition, he challenges a decision made by the Pennsylvania Board of Probation and Parole (the "Board") on July 7, 2015, to deny him parole. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

**I.**

### A.    Relevant Background

On October 9, 2000, Petitioner was sentenced to 12-34 years of incarceration for committing the crimes of Robbery (two counts), Criminal Conspiracy (two counts), Terroristic Threats, Simple Assault and Receiving Stolen Property (two counts). (Resp's Ex. A at 1-5). These convictions stemmed from a series of car thefts and robberies committed in the City of Erie, one in which Petitioner pointed a gun at a 7-year-old boy and told his mother: "I will shoot him if you don't give us the money." (Resp's Ex. B at 6-8). Petitioner's minimum sentence expiration date was March 31, 2012, and his maximum sentence expiration date is March 31, 2034. (Resp's Ex. A).

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

On April 1, 2012, the Board released Petitioner on parole to an approved home plan. (Resp's Ex. C at 9-11). On February 27, 2013, he was arrested in the City of Pittsburgh and charged with the crimes of Firearms Not to Be Carried Without a License, Possession of a Firearm Prohibited, and Tampering With/Fabricating Physical Evidence. (Resp's Ex. D at 12-15). On April 12, 2013, the Board issued a decision to detain Petitioner pending the disposition of his new criminal charges. (Resp's Ex. E at 16-17).

On July 11, 2013, Petitioner entered a guilty plea to the new criminal charges. The Court of Common Pleas of Allegheny County sentenced him to a term of three to six years of incarceration to be followed by two years of probation. (Resp's Ex. F at 18-25). By a decision dated September 24, 2013, the Board notified Petitioner that he would be recommitted to a state corrections institution as a convicted parole violated to serve 24 months of backtime for committing the crimes at issue in his Allegheny County criminal case. In that same decision, the Board notified Petitioner that he would not be eligible for reparole until September 20, 2015, and that his parole violation maximum date is September 19, 2035. (Resp's Ex. G at 26-28).

As he neared his minimum sentence date, Petitioner applied for reparole. On July 7, 2015, the Board issued the decision at issue in this habeas case. The Board informed Petitioner that:

> [f]ollowing an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, [the Board] in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Your prior unsatisfactory parole supervision history.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> The negative recommendation made by the prosecuting attorney.

(Resp's Ex. H at 29-30).

Petitioner challenges the Board's July 7, 2015, decision in this action, which is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that Petitioner is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Petitioner claims that the Board violated the Due Process Clause and the Equal Protection Clause in denying him parole.

Respondents have filed their answer. [ECF No. 10, 12]. Petitioner did not file a reply. See Local Rule 2254(E)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Answer.").

**B.     Discussion**

   **(1)     The Exhaustion Requirement**

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held in 2005 that aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. See also Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims…. [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in DeFoy."). Therefore, Petitioner may be exempt from the exhaustion requirement with respect to his claims. However, because a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits[,]" and since

3

Petitioner's claims plainly have no merit, this Court "need not address the issue of exhaustion" with respect to them. Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).

**(2)     Petitioner's Due Process and Equal Protection Claims Have No Merit**

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Petitioner cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence[,]" Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. & Parole, 724 A.2d 319, 322-23 (Pa. 1999). See also Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Thus, absent the creation of a liberty interest in parole, the Board's decision to deny parole does not create any procedural due process protections.

4

To prevail on a substantive due process challenge to the Board's decision, Petitioner must establish that the decision shocks the conscience. See, e.g., Newman, 617 F.3d at 782. Evans v. Secretary, Pa. Dept. of Corrections, 645 F.3d 650, 659 (3d Cir. 2011). A substantive due process claim is not easily mounted. The Court of Appeals for the Third Circuit has stressed that "[c]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." Newman, 617 F.3d at 782 (internal quotations and citations omitted). See also Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Petitioner has not demonstrated that the Board's decision lacked "some basis." As reflected in its July 7, 2015, decision, he was denied parole because based on an interview, a review of his file, and consideration of the matters set forth in the relevant state statute, the Board determined that releasing him on parole presented an unacceptable level of risk to the community. It also considered that reports and evaluations indicated his risk to the community, and that the prosecuting attorney gave a negative recommendation regarding parole. (Resp's Ex. H at 29-30). Although Petitioner disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

Petitioner's equal protection claim also has no merit. The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Petitioner has not asserted that the Board used a

5

suspect classification in its decision-making process and he acknowledges in his brief [ECF No. 2 at 10] that in order to prevail on an equal protection claim, he must prove: (1) that the state treated him differently from others who were similarly situation; and (2) that the difference in treatment was not rationally related to any legitimate government interest. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); Renchenski v. Williams, 622 F.3d 315, 337 (3d Cir. 2010) (quoting Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003)).[2] Petitioner has not met either element.

As Respondents point out, the Board's decision is a discretionary one in which it is required by statute to consider the following factors when evaluating an inmate for parole:

> (1) The nature and circumstances of the offense committed.
>
> (2) Any recommendations made by the trial judge and prosecuting attorney.
>
> (3) The general character and background of the inmate.
>
> (4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.
>
> (5) The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).
>
> (6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.
>
> (7) The conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.

61 Pa.C.S. § 6135.

---

[2] "If state action does not burden a fundamental Constitutional right or target a suspect class, the challenged classification must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. If the challenged state action involves a suspect classification based on race, alienage or national origin, or infringes on a fundamental constitutional right, we must apply the strict scrutiny standard." Renchenski, 622 F.3d at 337 (quoting Doe v. Pennsylvania Bd. of Prob. and Parole, 513 F.3d 95, 107 (3d Cir. 2008) (internal quotation marks & citations omitted)).

The factors considered by the Board to deny Petitioner parole apply to all inmates, and the Board's decision is, necessarily, individualized. In such a setting, "no two prisoners, being different human beings, will possess identical backgrounds and characters. Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics." Rowe v. Cuyler, 534 F.Supp. 297 (E.D.Pa.), aff'd 696 F.2d 985 (3d Cir.1982). Therefore, Petitioner's allegation that he has been treated differently than another inmate is simply not sufficient to establish an equal protection violation where there can be no "similarly situated" prisoner for purposes of equal protection analysis in this case. In addition, a rational basis existed for the Board's decision to deny Petitioner parole.

**C.**     **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied. Also, a certificate of appealability is denied. An appropriate Order follows.

Dated: June 16, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge